IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERCE DUCHENE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:13-cv-01577 ) ) Judge Mark R. Hornak |
| WESTLAKE SERVICES, LLC, | ) ) |
| Defendant. | ) |

## ORDER

This is a class action case. A final settlement approval hearing is set for later this month. One objection has been filed, purportedly by Tamara Lynn Eugene. That objection was thorough, and thoroughly legalistic. The record now reveals that contrary to the facial assertion of the objection that it was filed *pro se* by Ms. Eugene, it was in actuality crafted by the lawyers who have now entered their appearance on her behalf. They appear to be veteran lawyers who know their way around the federal courts. The Plantiff in this case (or at least his lawyers) aver that this objection is really part and parcel of a larger dispute between them and Ms. Eugene's lawyers, all related to the interrelationship between this case and the *Wilshire* case pending in federal court in California[1].

Courts in both California and Pennsylvania have found "ghostwriting" (that is, a lawyer writing or contributing to a purportedly *pro se* filing) to be distasteful and potentially sanctionable conduct. *See, e.g., Bernal v. Rodriguez*, 2016 WL 1610597, at *3 (C.D. Cal. Apr. 20, 2016) ("Ghostwriting pleadings for *pro se* litigants is, of course, wholly inappropriate and potentially sanctionable conduct."); *Ayvazian v. Moore Law Grp.*, 2012 WL 2411181, at *4

---

[1] So that there is no mistake, this Court's interest here is limited to the proper adjudication of the merits of the matters before the Court in this case, and the vindication of the interests of this Court in the integrity of its processes. To the extent there is some sort of professional jousting going on between Plaintiff's counsel and Ms. Eugene's counsel, the Court intends to devote zero energy to dealing with that.

1

(C.D. Cal. June 26, 2012) ("The Court reminds the Plaintiff that the practice of 'ghostwriting' violates the rules of professional conduct, and undermines the litigant's status as *pro se*."); *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998) (disapproving of ghostwriting but not imposing sanctions) *aff'd sub nom. Ricotta v. State of Cal.*, 173 F.3d 861 (9th Cir. 1999); *Walker v. Pacific Maritime Assoc.*, 2008 WL 1734757, at *2 (N.D. Cal. Apr. 14, 2008) (noting that ghostwriting is prejudicial to opponents and "frustrates" the application of Federal Rule of Civil Procedure 11); *Camacho v. Dean*, 2015 WL 4478755, at *8 (M.D. Pa. July 22, 2015) ("Although some jurisdictions permit ghostwriting, the federal courts generally do not."); *Anderson v. Kohl's Corp.*, 2013 WL 1874812, at *2 (W.D. Pa. May 3, 2013) ("If a lawyer helped [Plaintiff file her pleadings], he or she needs to enter their appearance on her behalf, as 'ghostwriting' is not permitted."); *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 414 (W.D. Pa. 2012) ("Ghostwriting by an attorney is a misrepresentation to this Court which is not permitted. The practice gives the 'pro se' plaintiff who would otherwise be entitled to special leniency an unfair advantage, and violates an involved attorney's duty of candor to the Court.").

From the Court's perspective, what has gone on here is no "foot fault," and is a big deal, since it goes to the integrity of the filings in this case, and of the legal processes in this Court. The Court cannot, and really should not, sort of shrug its shoulders and let it all pass without both getting to the bottom of what happened here and why, and then determining what, if anything, the Court should do about it. Doing so is necessary to protect the integrity of the resolution of this case and the matters before the Court, and to protect the integrity of what we do here.

Therefore, attorneys Bryan Kemnitzer and Elliot Conn[2] are hereby ORDERED TO SHOW CAUSE in writing, on or before 2:00 p.m. Eastern Daylight Time,[3] July 8, 2016, as to why this Court should or should not enter an Order that affirmatively addresses such matters (and how), including but not limited to none, any or all of the following: (1) striking the objection filed at ECF No. 116 as being a fraud on the Court, (2) referring Mr. Kemnitzer and Mr. Conn to the proper disciplinary board or body of the Supreme Court of Pennsylvania and/or California, or of this Court, for whatever consideration such bodies deem appropriate, (3) requiring Mr. Kemnitzer and Mr. Elliot to pay the costs incurred by Plaintiff's counsel in preparing and filing its [ECF No. 117] Emergency Motion to Require Counsel to Appear, and/or (4) any other appropriate actions as to Mr. Kemnitzer, Mr. Conn, their law firm, and/or Ms. Eugene, aimed in any case at vindicating the above-noted interests relative to the Objections that were "ghostwritten" and filed at ECF No. 116.

SO ORDERED.

*[signature]*

Mark R. Hornak
United States District Judge

Dated: July 1, 2016

cc: All Counsel of Record

---

[2] The Court would observe that the candor of Messrs. Kemnitzer and Conn in now stating on the record what their involvement was is both appropriate and appreciated, and brings truth to the maxim that bad news does not better with age.

[3] That's 11:00 a.m. Pacific Daylight Time.